IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CLAY HENRY LEE HITT;
KRISTI LYN SPERLING;
DALE LEE HITT,

        Plaintiffs,

v.

DOUGLAS COUNTY, OREGON;
DAWNELLE M. MARSHALL;
MERCY MEDICAL CENTER;
CHI,

        Defendants.

Case No. 6:18-cv-01642-AA
**OPINION & ORDER**

---

AIKEN, District Judge:

    Plaintiffs seek leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. For the reasons set forth below, the Complaint, ECF No. 1, is DISMISSED with leave to amend. The Court shall defer ruling on Plaintiff's IFP petition pending submission of an amended complaint.

litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and give them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiffs bring claims under 42 U.S.C. § 1983 for violation of their rights under the First, Second, Fourth, Fifth, and Fourteenth Amendments. Plaintiffs also bring claims for violations of 18 U.S.C. §§ 1959, 241, and 242.

As a preliminary matter, Plaintiffs assert diversity as basis for federal jurisdiction over their claims. To establish diversity jurisdiction, a plaintiff must allege that he or she is a citizen of one state, that all of the defendants are citizens of other states, and that damages are more than $75,000. 28 U.S.C. § 1332. Plaintiffs' filings indicate that all parties are citizens of Oregon. Diversity jurisdiction is therefore unavailable.

As a further preliminary matter, Plaintiffs assert claims under 18 U.S.C. §§ 1959, 241 and 242. These are federal criminal statutes and do not provide a private right of action or a basis for recovery in a civil action. Those statutes cannot, therefore, confer federal question jurisdiction over this case and must be dismissed.

The final bases for federal question jurisdiction are Plaintiffs' claims under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

I. *Insufficient Factual Allegations*

The most fundamental problem with Plaintiffs' complaint is that, although it is overly detailed on certain points, it lacks sufficient factual allegations for the Court to understand

Plaintiffs' claims in anything but the most general terms. The complaint makes vague allegations to the effect that DHS took custody of Clay shortly after his birth, apparently with the assistance of the hospital and medical staff, but it contains no allegations concerning the conduct of many of the other defendants.[1]

Additionally, the complaint alleges that Defendants violated Plaintiffs' rights under several constitutional provisions but does not say how. For instance, Plaintiffs allege a violation of their Second Amendment rights, but the complaint contains no allegations concerning that violation.

Without that information, the Court is unable to properly evaluate Plaintiffs' claims. Accordingly, the complaint is DISMISSED with leave to amend. In drafting their amended complaint, Plaintiffs should bear in mind that the Court does not know anything about the facts of their case, other than what they include in their pleadings.

II.  *Clay Hitt*

Sperling and Hitt appear to bring claims on behalf of their infant son, Clay. But as explained below, as neither Sperling nor Hitt are licensed attorneys, this representation is not permitted.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. However, "a non-lawyer has no authority to appear as an attorney for others than himself." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (internal quotation marks and citations omitted); *Walsh v. Enge*, 154 F. Supp.3d 1113, 1124 n.6 (D. Or. 2015). "It is well established that the privilege to represent oneself *pro*

---

[1] The complaint appears to incorporate a number of defendants who do not appear in the case caption, but it is completely silent as to the claims against those defendants or the facts underlying those claims.

*se* by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008). This prohibition extends even to parents or guardians who seek to bring an action on behalf of a minor child without retaining a lawyer. *Johns*, 114 F.3d at 877. In such circumstances, the correct course of action is to dismiss without prejudice in order to allow the dismissed parties to seek counsel and, if necessary, refile the action. *Id.*

This supplies an additional basis for dismissing the claims brought by Sperling and Hitt on behalf of Clay. All claims asserted on behalf of Clay Hitt are therefore DISMISSED without prejudice and with leave to refile with the assistance of counsel.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiffs shall have thirty (30) days in which to file an amended complaint. Plaintiffs are advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal. The Court defers ruling on Plaintiffs' petition to proceed IFP, ECF No. 2, until Plaintiff files an amended complaint or the time for doing so has expired.

It is so ORDERED and DATED this 18 day of December, 2018.

_____
Ann Aiken
United States District Judge