IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CLAY HENRY LEE HITT,[1]
KRISTI LYN SPERLING,
DALE LEE HITT,

        Plaintiffs,

v.

DOUGLAS COUNTY, OREGON
*et al.*,

        Defendants.

Case No. 6:18-cv-01642-AA
**OPINION & ORDER**

AIKEN, District Judge:

Plaintiffs filed this action on September 7, 2018 along with an application for leave to proceed *in forma pauperis* ("IFP"). I dismissed Plaintiffs' first complaint for failing to state an actionable legal claim and deferred ruling on Plaintiffs' IFP

---

[1] Clay Henry Lee Hitt, appears to be the minor child of the other plaintiffs. As this Court explained in its previous Order and Opinion, a parent's privilege to proceed *pro se* does not allow them to bring claims on behalf of their minor child. *See* (doc. 7 at *6)

Page 1 – OPINION AND ORDER

petition pending submission of an amended complaint. Plaintiffs have now filed an amended complaint (doc. 13).

## LEGAL STANDARD

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 spare defendants the inconvenience of answering frivolous complaints); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in either law or in fact." *Neitzke*, 490 U.S. at 325.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and give them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

/ / /

## DISCUSSION

Plaintiffs' amended complaint asserts various claims in support of their request for $500,000,000 in damages. Specifically, they allege state law claims of negligence and intentional infliction of emotional distress, a claim for attorneys' fees under 42 U.S.C. § 1988, and a litany of constitutional claims under 42 U.S.C. § 1983 for violations of their constitutional rights based on the First, Second, Fourth, Fifth, Sixth, Fourteenth, and Seventeenth Amendments. Like their initial complaint, the amended complaint lists over thirty named defendants, as well as one hundred unnamed defendants, and includes various medical facilities, medical professionals, state agencies, state officials, judicial officials, and others. For the reasons below, Plaintiffs' amended complaint is dismissed for failing to state a claim upon which relief can be granted and a determination of Plaintiffs' IFP status is deferred. *See* 28 U.S.C. § 1915(e)(2). Plaintiffs shall have 14 days to amend the complaint if they so choose.

### I. Failure to State a Claim

Plaintiffs' amended complaint must be dismissed for several reasons. First, under Rule 8 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs fail to adequately explain their claims. These rules describe a liberal system of notice pleading which requires a complaint to contain only (1) a statement of jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1036 (9th Cir. 2006) (citing Rule 8(a)).

The pleading standard announced by Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

The complaint must contain sufficient factual allegations that if accepted as true "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. The complaint must contain well-pleaded facts which "permit the court to infer more than the mere possibility of misconduct[.]" *Id.*

Here, Plaintiffs' claims are unclear and fail to meet the level of specificity that Rule 8 requires. First, and perhaps most importantly, if Plaintiffs' case is to stay in federal court, Plaintiffs must allege a viable federal claim. While their initial complaint asserted jurisdiction based on diversity of citizenship, the amended complaint is only asserting jurisdiction based on the existence of constitutional issues.[2] While plaintiffs generally cite violations of constitutional amendments "I, II, IV, VI, V, XIV, [and] XVII," they fail to allege any relevant facts

---

[2] Plaintiffs should note that their "claim" under 42 U.S.C. § 1988 is not a proper cause of action that can confer federal question jurisdiction because that provision is only for the award of attorney fees once a federal claim has been adjudicated.

for the Court to determine whether a violation has occurred and fail to explain how their rights under those specific amendments were violated.

Plaintiffs' are reminded that to proceed with a federal constitution claim pursuant to 28 U.S.C. § 1983, they must allege that their rights were infringed under color of state law. *Todd v. Skrah*, 2017 WL 3429400, at *4 (D. Or. June 19, 2017). Further, violations of state law "do not, on their own, give rise to liability under § 1983." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F. 3d 465, 371 (9th Cir. 1998). Rather, "[§] 1983 limits a federal courts analysis to the deprivation of rights secured by the *federal* Constitution and laws." *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370-71 (9th Cir. 1996)

The same concern was raised in the Court's previous Opinion and Order (doc. 7), but Plaintiffs have failed to plead specific and relevant facts to support their alleged constitutional violations. For example, the Court previously explained that the original complaint contained no facts to sustain a Second Amendment claim against the named defendants, but Plaintiffs have continued to allege this violation without further clarification.

Additionally, the amended complaint generally asserts only bare conclusions in support of Plaintiffs state and federal claims. The amended complaint contains insufficient factual matter to state a claim for relief which prevents the Court from

concluding that any of the possible defendants are liable for misconduct. Nor is it clear which of the named defendants would be liable under specific federal claims.[3]

This is not to say that the there are no facts alleged in Plaintiffs' complaint, rather the alleged facts are not relevant to Plaintiffs' stated causes of action. For example, Plaintiffs asserted a claim for intentional infliction of emotional distress against Mercy Medical Center and its employees, but the only facts alleged appear to be about a possible breach of contract and failure to give Plaintiffs a patient rights sheet. The fact that a breach of contract cannot give rise to emotional distress damages notwithstanding, Plaintiffs fail to explain what the contract is about, how it was breached, and why they believe the breach was intentional and meant to cause them emotional distress.

Much of the rest of the amended complaint appears to be copied and pasted from the initial complaint without further clarification, while other parts of the amended complaint seems to be arguing that there is an agreement between state officials and various medical professionals to illegally take the newborns of unsuspecting individuals for "profit and gain." *See, e.g.*, Pls.' Amend. Compl. at 3, 8, 10, 11.

For all these reasons, the amended complaint fails to state a claim that the Court can adjudicate under the relevant pleading standards.

///

///

---

[3] Plaintiffs do allege various "state law claims" against the State of Oregon, the Department of Human Services, the City of Roseburg, Mercy Medical Center. *See*, Pls' Am. Comp. at *14

## II. Eleventh Amendment Issues

Plaintiff's generally asserted claims against state actors are also problematic. The Eleventh Amendment bars a citizen from bringing suit against a state, or state agency or department, in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995). The same Eleventh Amendment immunity that applies to a state "also shields state officials from official capacity suits." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010).

However, a plaintiff may seek "prospective declaratory or injunctive relief against state officers in their official capacities." *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). Here, this means that the state employees, who were likely the primary individuals involved in the decision to take Plaintiffs' child out of their custody cannot be sued for money damages and at best might be enjoined from continuing to violate Plaintiffs' rights, assuming any of the defendants actions amounted to such a violation. Plaintiffs' core concern, however, seems to have been the taking of their child, and since that child seems to have been returned to Plaintiffs at some point, it is unlikely that the Court would be able to provide further relief.

The same is likely true for the Deputy District Attorney that Plaintiffs have named in their amended complaint. Generally, Deputy District Attorneys in the State of Oregon are considered state, not county, actors. *Heidt v. City of McMinnville*, 2016 WL 7007501, at *13 (D. Or. Nov. 29, 2016) (noting that Ninth

Circuit and district court cases "most often [have] characterized district attorneys in Oregon as state actors, not county actors" and noting an exception for "narrow circumstances involving administrative functions relating to county staff"). Since Plaintiffs seem to be suing attorneys in their official capacity, any claim for damages against them would also be barred.

Plaintiffs should note that not all legal claims can be litigated in federal court. Federal Courts are courts of limited jurisdiction and may only decide cases between parties from different states and cases that allege federal statutory or constitutional violations. Plaintiffs' complaints so far have simply listed the violation of seven constitutional amendments as their federal claim but have not explained how any of their rights guaranteed by these amendments have been violated by specific defendants.

The Court exercises it discretion to afford Plaintiffs another attempt to amend their complaint to cure the deficiencies identified in this opinion and the previous opinion dismissing the original complaint. This means that Plaintiffs should likely narrow their constitutional claims to only relevant constitutional amendments that Plaintiffs believe were violated. Plaintiffs should then explain how they believe a violation or violations occurred.

The Court also notes that since this is primarily a state child custody issue, and Plaintiffs are challenging the propriety of the State's custody decision, Plaintiffs should note that under *Younger v. Harris*, 401 U.S. 37 (1971) and many cases that followed, federal courts generally abstain from hearing cases that would

interfere with ongoing state proceedings. While it's unclear from the amended complaint whether any relevant state proceedings are ongoing, Plaintiffs should inform the Court of any such proceedings if they decide to amend their complaint.

## CONCLUSION

For the reasons set forth above, the Amended Complaint (doc. 13) is DISMISSED with leave to amend. Plaintiffs shall have fourteen (14) days in which to file an amended complaint. Plaintiffs are advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal. The Court defers ruling on Plaintiffs' petition to proceed IFP (doc. 2) until Plaintiffs file an amended complaint or the time for doing so has expired.

It is so ORDERED this 9 day of May, 2019.

_____
Ann Aiken
United States District Judge